IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SCHOONMAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:16-cv-03017-MDH |
| ) | |
| EMERSON CLIMATE TECHNOLOGIES, INC. ) | |
| and BILL HENRY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 7). After full and careful consideration, the Court hereby **GRANTS** Plaintiff's motion to remand.

### I. BACKGROUND

Plaintiff Michael Schoonmaker filed a petition in the Circuit Court of Douglas County, Missouri alleging his former employer violated the Missouri Human Rights Act ("MHRA") by terminating Plaintiff after he requested and took leave to care for his disabled mother and replacing Plaintiff with a new employee in his mid-twenties. Plaintiff sued both Emerson Climate Technologies, Inc. ("Emerson") and Bill Henry as defendants. The petition alleges "[a]t all times relevant herein, Defendant Henry was acting as Plaintiff's supervisor." Pl's Pet. ¶ 4. Plaintiff alleges he reported his need for leave to Defendant Henry, that Henry denied Plaintiff's request(s) for leave, and that, upon information and belief, Henry was involved in making the decision to terminate Plaintiff and to hire the younger employee. *See* Pl's Pet. ¶¶ 20-22, 27-28. Plaintiff's petition asserts claims against both Emerson and Henry under section 213.070 of the MHRA and section 213.055 of the MHRA.

1

Upon being served, Defendant Emerson removed the case to federal district court on the basis of diversity jurisdiction, arguing Defendant Henry was fraudulently joined because he cannot be held individually liable under the MHRA. Emerson argues Henry cannot be held individually liable under the MHRA because Henry exercised no power over, and had no authority to exercise power over, the terms and conditions of Plaintiff's employment. Emerson acknowledges the Supreme Court of Missouri's decision in *Hill*, which held that certain individuals such as supervisors can be held individually liable under the MHRA, but Emerson argues that "the Missouri Supreme Court has never extended individual liability to co-workers or individuals who had no authority to materially affect the terms and conditions of a plaintiff's employment." Emerson attached to its notice of removal declarations from the Vice President of Human Resources at Emerson and from Bill Henry, which both state: (1) Plaintiff was employed as a second-shift Human Resources Supervisor at Emerson's facilities in Ava, Missouri while Defendant Henry was employed as a Manager of Human Resources at Emerson's facilities in Ava, Missouri; and (2) Defendant Henry "did not have or exercise any authority over the terms and conditions of [Plaintiff's] employment" and "[did not] have the authority to hire, fire, promote, reassign [Plaintiff], reduce his salary or work hours, deny leave requests, or otherwise effect the terms and conditions of his employment."

Plaintiff now moves to remand arguing Defendant's fraudulent joinder argument is based solely on a factual dispute. Plaintiff argues supervisory authority is not required for his section 213.070 claim and that, regardless, Defendant Henry had sufficient supervisory authority over Plaintiff to be liable under the MHRA.

## II. STANDARD

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

A defendant can remove a civil action from state court to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b). While such removal requires complete diversity, "a federal court will not allow removal to be defeated by the collusive or fraudulent joinder of a resident defendant." *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187 (E.D. Mo. 1995). To establish fraudulent joinder, the defendant must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 980 (quoting *Filla v. Norfolk S. Ry Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). The plaintiff's motive is immaterial; rather, courts focus on whether the petition states a legal and factual basis to recover against the non-diverse defendant. *See Gillette v. Koss Const. Co.*, 149 F.Supp. 353, 355 (W.D. Mo. 1957). Courts may pierce the pleadings in order to determine the issue of fraudulent joinder. *Parnas v. General Motors Corp.*, 879 F.Supp. 91, 93 (E.D. Mo. 1995).

Unlike the *Erie* analysis for most diversity cases, in a fraudulent joinder scenario, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336

3

F.3d at 811.  "If it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* at 810 (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).  Alternatively, "[w]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* at 811.

### III.  DISCUSSION

The MHRA makes it an unlawful employment practice for an "employer" to discriminate against any individual on the basis of age or disability and makes it an unlawful discriminatory practice to "discriminate in any manner against any other person because of such person's association with any person protected by this chapter."  Mo. Rev. Stat. §§ 213.055, 213.070(4). The MHRA defines "employer" as "any person employing six or more persons within the state, *and any person directly acting in the interest of an employer*[.]"  Mo. Rev. Stat. § 213.010(7) (emphasis added).  The Supreme Court of Missouri noted the breadth of the MHRA definition of employer and held "the MHRA is intended to reach not just the corporate or public employer but any person acting directly in the interest of the employer" and "[a] supervisory employee clearly falls into that category."  *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009).  Missouri appellate courts have noted that "the plain and unambiguous language under this definition of employer imposes individual liability in the event of discriminatory conduct" but that "Missouri cases have only allowed for individual liability under the MHRA when the individuals directly oversaw or were actively involved in the discriminatory conduct."  *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 139-40 (Mo. Ct. App. 2012).

4

Here, Plaintiff's petition alleges Henry was acting as Plaintiff's supervisor at Emerson during the relevant time period and that Henry was directly involved in the alleged discriminatory and/or retaliatory conduct described in the petition. The declarations submitted by Defendant indicate Plaintiff was a second-shift HR supervisor for Emerson meanwhile Defendant Henry was the HR manager for Emerson at the same facility. Plaintiff alleges that Defendant Henry was informed of Plaintiff's need for leave, denied Plaintiff's request(s) for leave, was the individual involved in the decision to terminate Plaintiff, and replaced Plaintiff with a new employee that was much younger. These allegations, accepted as true, show Henry was actively involved in the alleged discriminatory/retaliatory conduct.

Based on the facts alleged and resolving all factual inferences in favor of Plaintiff, the Court finds there is arguably a reasonable basis for predicting that state law *might* impose individual liability on Defendant Henry for discrimination and/or retaliation under the MHRA. *See, e.g., Sinclair v. Charter Commc'ns, Inc.*, No. 4:13CV1146 CDP, 2013 WL 5707872, at *6 (E.D. Mo. Oct. 21, 2013); *Hayes v. Travelers Indem. Co.*, No. 4:12-CV-1233 CAS, 2012 WL 5285775, at *3-4 (E.D. Mo. Oct. 25, 2012); *Messmer v. Kindred Hosp. St. Louis*, No. 4:08-CV-749 CEJ, 2008 WL 4948451, at *2 (E.D. Mo. Nov. 10, 2008); *see also Prosser v. Wheels*, No. 2:15-CV-04179-MDH, 2015 WL 9307344, at *5 (W.D. Mo. Dec. 21, 2015); *Tate v. Family Dollar Stores of Missouri, Inc.*, No. 4:14CV1534 RLW, 2014 WL 7345156, at *3 (E.D. Mo. Dec. 23, 2014); *Jameson v. Gough*, No. 4:09CV2021RWS, 2010 WL 716107, at *2-3 (E.D. Mo. Feb. 24, 2010).[1] Although Defendant proffers two self-serving declarations stating Henry had no

---

[1] The cases cited by Defendant are distinguishable. In *Nash v. LPS Services*, the plaintiff alleged the individual defendant was merely a "coworker" who engaged in sexual harassment and could be therefore be liable for discriminatory conduct under the MHRA. No. 4:10-cv-00152-SOW (W.D. Mo. March 30, 2010). In *Halloran v. Houlihan's Restaurants*, the plaintiff did not allege the individual defendant exercised any supervisory power over Plaintiff or any other employee. No. 4:11-CV-01028-DGK, 2012 WL 1667598, at *2 (W.D. Mo. May 11, 2012). In *Trickey v. Kaman Indust. Technologies*, the plaintiff was actually a supervisor over the individual defendant and the plaintiff alleged only that the individual defendant met without plaintiff and assisted to undermine plaintiff's

5

authority over the terms/conditions of Plaintiff's employment, the Court finds such declarations are insufficient to establish fraudulent joinder here and the better course of action is to remand the questionable claims to state court. *See generally Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) ("The facts as alleged in Wilkinson's original complaint indicate there is a reasonable basis for believing Missouri might impose liability against Shackelford, which is all that is required to defeat a fraudulent joinder challenge"); *see, e.g., Cubie v. Staples Contract & Commercial Inc.*, No. 12-1186-CV-W-HFS, 2013 WL 1385014, at *2-3 (W.D. Mo. Apr. 1, 2013); *Hayes*, 2012 WL 5285775, at *3-4. Moreover, there appears to be an unsettled issue of state law as to the scope of claims brought under section 213.070(4) and whether a defendant in those claims must be a supervisor or employer. *See generally Sinclair*, 2013 WL 5707872, at *6; *Keeney v. Hereford Concrete Products, Inc.*, 911 S.W.2d 622, 625 (Mo. 1995) (discussing retaliation claims under section 213.070 and declining to "explore the outer boundaries of section 213.070" but noting "[u]nder section 213.070, retaliation must be given a broader meaning; this is because section 213.070 does not limit itself to the employer-employee relationship").

## IV. DECISION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion to Remand (Doc. 7) and the case is hereby **REMANDED** to the Circuit Court of Douglas County, Missouri. The Court denies Plaintiff's request for attorney fees under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.
Dated: April 19, 2016

>          */s/ Douglas Harpool*
> **DOUGLAS HARPOOL**
> **UNITED STATES DISTRICT JUDGE**

---

authority. No. 1:09CV26 SNLJ, 2009 WL 1974759, at *2 (E.D. Mo. July 7, 2009). Following the decisions in *Halloran* and *Trickey* Judge Perry of the Eastern District of Missouri wrote an opinion expressly distinguishing and/or disagreeing with the rulings in those cases. *See Sinclair*, 2013 WL 5707872, at *6 n. 7.